# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALLEN PRESBURY, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-1791 |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                       **April 30, 2019**

Allen Presbury, Sr., presently incarcerated at SCI Phoenix, *pro se* alleges prison officials violated his civil rights when they lost his legal papers during his move from SCI Graterford to SCI Phoenix. Presently incarcerated, he moves for leave to proceed *in forma pauperis*. We grant Mr. Presbury leave to proceed *in forma pauperis*. We dismiss his Complaint for failure to state a claim without prejudice to amend only his claims relating to access to courts.

## I. Allegations

Mr. Presbury challenges the Pennsylvania Department of Corrections' loss of certain of his legal papers when it transferred prisoners from the now defunct SCI Graterford to the newly constructed SCI Phoenix in July 2018. In transferring prisoners, the prison officials searched, packed, and transferred inmate property to SCI Phoenix. Officials told inmates their property would be returned within a day or two.

When Mr. Presbury received his property back, "40 yrs plus legal material transcripts, court orders, pending matters lawyer and court correspondences were missing."[1] As a result, Mr. Presbury claims he "can not attend to any of [his] legal appellate matters statute of limitations are activated, due process rights and legal redress curtailed."[2] He filed a grievance. The prison denied

his grievance. He admits not currently litigating claims, but sought to "proceed with new evidence and law in the filing of a *habeas corpus* brief."[3]

Mr. Presbury sues Secretary John Wetzel, M. Ondrajka, T. Ferguson and Sgt. Curran. He alleges Secretary Wetzel directed the transfer of inmates. T. Ferguson and M. Ondrajka immediately supervised the transfer. Sgt. Curran served as the senior property room official within the chain of command. Mr. Presbury primarily seeks damages to compensate him for his lost legal property.

## II. Analysis

We grant Mr. Presbury leave to proceed *in forma pauperis* as it appears that he is incapable of paying the fees to commence this civil action.[4] Under 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if he fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[5] We must determine whether Mr. Presbury pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] Conclusory allegations do not suffice.[7] As Mr. Presbury is proceeding *pro se*, we construe his allegations liberally.[8]

Mr. Presbury invokes our subject matter jurisdiction based on a civil rights claim under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[9] We construe Mr. Presbury's *pro se* Complaint as raising claims for denial of access to the courts and due process claims based on the loss of his property.

### A. Access to the courts.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."[10] "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) they suffered an 'actual injury'— they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[11] "[T]he underlying cause of action, . . . is an element that must be described in the complaint."[12]

Mr. Presbury does not plead how a defendant injured him by the loss of his legal materials. Although unclear, it does not appear he has pending litigation. If he does, it is not clear how the loss of materials related to his criminal case impeded the litigation. Rather, it appears he is alleging the loss of legal materials frustrated his ability to file a *habeas* petition to challenge his conviction based on new evidence. But Mr. Presbury has not pled facts which would allow us to conclude a defendant prevented him from pursuing a non-frivolous challenge to his conviction. In particular, he has not described new evidence which would allegedly entitle him to *habeas* relief in a manner allowing the Court to infer he lost an arguable claim. Mr. Presbury has not plausibly alleged he suffered an actual injury sufficient to sustain a claim he was denied access to the courts.[13] He has also not plead how a defendant lost his property.

But we grant him leave if he can plead a defendant's conduct in transferring his property resulted in losing legal papers necessary to access the courts in a specific matter.

### B. Due Process.

To the extent Mr. Presbury asserts a due process violation, there is no basis for a due process claim. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the

3

Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."[14] The Pennsylvania Department of Correction's grievance procedure and the Pennsylvania Tort Claims Act provide sufficient remedies for intentional deprivations of property by state employees.[15] Mr. Presbury has not stated a basis for a due process claim.

## III. Conclusion

In the accompanying Order, we dismiss Mr. Presbury's Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). Although Mr. Presbury cannot amend his due process claim, we offer Mr. Presbury leave to timely amend his denial of access claim consistent with Fed. R. Civ. P. 11.

---

[1] ECF Doc. No. 2 at 5. We adopt the pagination assigned to the Complaint by the CM-ECF docketing system.

[2] *Id.*

[3] *Id.* at 16; *see also id.* at 18.

[4] As Mr. Presbury is a prisoner, he must pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[5] *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[7] *Id.*

[8] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[9] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[10] *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

[11] *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

[12] *Christopher*, 536 U.S. at 415.

4

[13] *See Bowens v. Matthews*, No. 18-3032, 2019 WL 1461537, at *2 (3d Cir. Apr. 2, 2019) ("To the extent Bowens described his PCRA claim at all, he did not describe it well enough to show it is 'nonfrivolous' or 'arguable'"); *Monroe*, 536 F.3d at 206 (plaintiffs allege "defendants confiscated their legal materials" and "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating the claims were nonfrivolous" did not state a claim). Mr. Presbury has not alleged he has no other remedy to compensate him.

[14] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

[15] *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (explaining prison's grievance program constituted sufficient post deprivation remedy for loss of boxes of legal material); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by state officials); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding prison grievance system provides adequate post-deprivation remedy).