# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALLEN PRESBURY, SR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 19-1791 |
| | : | |
| JOHN WETZEL, *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                   **June 5, 2019**

Allen Presbury, Sr., presently incarcerated at SCI Phoenix, *pro se* alleges prison officials violated his civil rights when they lost his legal property when they moved him from SCI Graterford to SCI Phoenix. After dismissing his Complaint, we granted him leave to amend. We today dismiss Mr. Presbury's amended Complaint with prejudice for failing to state a claim.

## I. Allegations

Mr. Presbury's claims arise from the Pennsylvania Department of Correction's alleged loss of forty-years of his legal paperwork relating to his criminal case when moving prisoners from SCI Graterford to the newly constructed SCI Phoenix. In construing the initial Complaint, we understood Mr. Presbury alleged the loss of his legal paperwork prevented him from pursuing a *habeas* petition based on new evidence. He primarily sought compensation for his lost property. After granting Mr. Presbury leave to proceed *in forma pauperis*, we dismissed his Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

Mr. Presbury filed an Amended Complaint against the same prison officials whom he claims are responsible for losing his property, again seeking damages for the loss of his legal documents. He alleges Defendants mismanaged the transfer of inmates and lost inmates' property.

He unsuccessfully attempted to resolve the matter through the grievance process. Mr. Presbury also clarifies we misunderstood his pursuit of a *habeas* petition. Mr. Presbury claims he "was preparing to send to the Phila. Review Unit D.A. matters upon vindication of his conviction when [his] material was lost."[2]

The Philadelphia District Attorney's Conviction Review Unit ("CRU") "investigates and reviews convicted offenders' legitimate claims of innocence."[3] "All requests to the CRU must be submitted in writing by the petitioner using the CRU Submission and Consent Forms" which are available on the District Attorney's website.[4] The CRU submission form is a two-page form asking the petitioner to explain in detail the basis for his innocence claim, including new evidence supporting his claim, and to attach documents supporting his claim.

## II.    Analysis

As Mr. Presbury is proceeding *in forma pauperis*, we dismiss the Complaint if it fails to state a claim.[5] We must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[6] Conclusory allegations do not suffice.[7] As Mr. Presbury is proceeding *pro se*, we construe his allegations liberally.[8]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[9] "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts."[10] "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as

2

recompense' for the lost claim other than in the present denial of access suit."[11] "[T]he underlying cause of action, . . . is an element that must be described in the complaint."[12]

### A. Mr. Presbury fails to plead a claim for denied access to courts.

Mr. Presbury again fails to state a claim for denial of access to the courts. He now makes clear the Defendants did not preclude him from filing or pursing nonfrivolous claims in court. Rather, he sought to petition to the District Attorney's CRU to have his conviction reviewed and, presumably, vacated. Even if the disruption of those efforts could give rise to a constitutional claim, it is not clear why Mr. Presbury cannot still petition the District Attorney's CRU for relief. This petition is available on-line. It is also not clear his challenge is arguable or non-frivolous because Mr. Presbury has not alleged facts about the merits of his challenge. Mr. Presbury again failed to state a constitutional claim in connection with the loss of his legal property.[13]

### B. Mr. Presbury fails to plead a due process claim.

To the extent Mr. Presbury is again asserting a due process violation, there is still no basis for a due process claim. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."[14] The Pennsylvania Department of Corrections' grievance procedure and the Pennsylvania Tort Claims Act provide sufficient remedies for intentional deprivations of property by state employees.[15] He has available remedies. Mr. Presbury has not stated a basis for a due process claim.

### III. Conclusion

We dismiss Mr. Presbury's Amended Complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). As we already granted Mr. Presbury leave to amend, and as his Amended

3

Complaint suffers from the same defects as the initial Complaint, further attempts at amendment are futile.

---

[1] We first concluded Mr. Presbury failed to state a claim for denial of access to the courts because he failed to allege facts to support a plausible conclusion he was prevented from pursuing a non-frivolous challenge to his conviction. We also concluded Mr. Presbury could not state a due process claim based on the loss of his property. He was given leave to file an amended complaint in the event he could state a basis for a claim he was denied access to the courts.

[2] ECF Doc. No. 7 at 10. We adopt the pagination assigned to Mr. Presbury's pleadings by the CM-ECF docketing system.

[3] *See* Office of the District Attorney, Conviction Review Unit, at https://www.phila.gov/districtattorney/aboutus/Pages/CRU.aspx (last accessed June 4, 2019).

[4] *Id.*

[5] 28 U.S.C. § 1915(e)(2)(B)(ii).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

[7] *Id.*

[8] *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[9] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[10] *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

[11] *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

[12] *Christopher*, 536 U.S. at 415.

[13] *See Bowens v. Matthews*, No. 18-3032, 2019 WL 1461537, at *2 (3d Cir. Apr. 2, 2019) ("To the extent that Bowens described his PCRA claim at all, he did not describe it well enough to show that it is 'nonfrivolous' or 'arguable.'"); *Monroe*, 536 F.3d at 206 (plaintiffs' alleges "defendants confiscated their legal materials" and "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim).

[14] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

[15] *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (explaining prison's grievance program constituted sufficient post deprivation remedy for loss of boxes of legal material); *Shakur*

4

*v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by state officials); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding prison grievance system provides adequate post-deprivation remedy). Any claims based on the handling of Mr. Presbury's grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).